**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUIS ROSA, on behalf of himself and all others similarly situated,<br><br>                  Plaintiff,<br><br>                  v.<br><br>ENCORE RECEIVABLE MANAGEMENT, INC., et al.,<br><br>                  Defendants. | Civil Action No. 15-2311 (MAS) (TJB)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

      This matter comes before the Court on Defendant Encore Receivable Management, Inc.'s ("Encore" or "Moving Defendant") motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), this putative class action for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, brought by Plaintiff Luis Rosa ("Mr. Rosa" or "Plaintiff"). (ECF No. 5.) Plaintiff filed opposition (ECF No. 8), and Moving Defendant replied (ECF No. 9). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, the Court grants Moving Defendant's motion to dismiss.

**I.    Background**

      At some time prior to December 1, 2014, Plaintiff incurred a debt obligation to Care Credit ("CC"). (Compl. ¶¶ 14-17, ECF No. 1.) Moving Defendant contends that this debt is past due, and on or about December 1, 2014, Moving Defendant attempted to collect on this debt by sending correspondence to Plaintiff ("December Letter"). (*Id.* ¶¶ 18, 20.) The December Letter was the

first communication that Moving Defendant sent to Plaintiff demanding the payment of debt. (*See Id.* ¶ 20.) The December Letter stated in part: "Note: If payment has already been made, please notify this office at 866-247-1087 or by writing to Encore at the address listed below." (*Id.* ¶ 23.) In addition, the December Letter stated:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.

(Compl., Ex. A. ("Dec. Ltr."), ECF No. 1-1.)[1] This provision is referred to as the "validation notice." (Compl. ¶ 25.)

On April 2, 2015, Plaintiff filed a putative class action against Moving Defendant alleging that it violated the FDCPA. (ECF No. 1.) Specifically, Plaintiff alleges that Moving Defendant sent correspondence "to at least 50 natural persons in the State of New Jersey" that, like the December Letter, deceived consumers into believing that they could dispute their debt by either calling or writing to Moving Defendant when in fact "a consumer can only make a legally effective dispute by writing to the Defendant." (Compl. ¶¶ 24, 29-31, 34.)

## II. Legal Standard

On a Rule 12(b)(6) motion to dismiss, courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). While a complaint does not need to contain detailed

---

[1] When reviewing a Rule 12(b)(6) motion, a court may consider any exhibits attached to the complaint. *See M & M Stone Co. v. Pennsylvania*, 388 F. App'x 156, 162 (3d Cir. 2010).

factual allegations to withstand a Rule 12(b)(6) motion to dismiss, a pleader must "provide the 'grounds' of his 'entitle[ment] to relief,' [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); see also Fed. R. Civ. P. 8(a)(2). Put another way, the pleader must "set forth sufficient information to outline the elements of his claim[s] or to permit inferences to be drawn that these elements exist." *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (2d ed. 1990)). Yet, importantly, on a Rule 12(b)(6) motion to dismiss, "the defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

## III. Analysis

Section 1692e of the FDCPA provides, inter alia, that debt collectors may not make misleading representations in connection with collection of any debt, and § 1692g outlines the required written disclosures that a debt collector must provide within five days of a debt collector's initial communication with a consumer. 15 U.S.C. §§ 1692e, 1692g. The disclosures required under § 1692g include the validation notice, which "inform[s] the [debtor] how to obtain verification of the debt and that he has thirty days in which to do so." *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000). "[I]n order to comply with the requirements of section 1692g, more is required than the mere inclusion of the statutory debt validation notice in the debt collection letter—the required notice must also be conveyed effectively to the debtor." *Id.* In the two-count Complaint, Plaintiff alleges that the December Letter violates §§ 1692e and 1692g of the FDCPA, because the statement directing consumers to call Moving Defendant to notify Moving Defendant if they have already made payment on the debt overshadows the validation notice and "provid[es] an alternative option to dispute a debt that is not in accordance with the

3

statutory validation notice." (Compl. ¶¶ 39, 44.) In its motion to dismiss, Moving Defendant argues that the instruction to contact Moving Defendant if payment has already been made did not overshadow the validation notice because: (1) "[t]here is no mention in the [December Letter] of the ability to orally dispute the debt"; (2) "there is nothing in the [December Letter] demanding payment be made prior to the thirty (30) day validation period"; (3) "there is no use of bold text or otherwise emphasized text where all font in the [December Letter] is of the same size"; and (4) "the validation notice appears on the front of the [December Letter]." (Def.'s Moving Br. 8, ECF No. 5-1.)

To determine whether the validation notice has been overshadowed or contradicted by other messages, courts "have turned to the well-established 'least sophisticated debtors' standard." *Caprio v. Healthcare Revenue Recovery Grp.*, 709 F.3d 142, 149 (3d Cir. 2013). Under this standard, "a validation notice 'is overshadow[ed] or contradict[ed] if [the collection correspondence] would make the least sophisticated consumer uncertain as to her rights." *Id.* In its opposition, Plaintiff argues that this Circuit "has already considered a claim nearly identical to the language contained in [the December Letter], and found that the validation notice was overshadowed." (Pl.'s Opp'n Br. 8, ECF No. 8 (citing *Caprio*, 709 F.3d at 150-51).) Plaintiff points to *Caprio*, where the court found that language instructing the debtor to "**please call** . . . or write [the debt collector] at the above address . . . if [the debtor] feels [he] do[es] not owe this amount," overshadowed the validation notice. 709 F.3d at 152 (emphasis in original). Though this language is similar to that in the December Letter, it is nevertheless distinguishable.

In *Caprio*, the court conducted a two-prong analysis, reviewing both the "form" and "substance" of the correspondence before determining that the validation notice was overshadowed. *Id.* at 151. First, analyzing the "substance" of the correspondence, the court

4

considered the meaning of the language and determined that the instruction to call "basically instructed [the least sophisticated debtor] to call **or** write in order to dispute the debt itself." *Id.* (emphasis added). The court then turned to the "form" of the language at issue and found that it drew extra attention to the legally deficient option of calling the debt collector because "the words 'please call' and the toll-free telephone number itself were printed in bold" on the front of the letter and no such emphasis was included in the validation notice, which was "relegated to the back side of the [c]ollection [l]etter." *Id.* at 151-52.

In contrast to the collection correspondence in *Caprio*, the December Letter at issue is not so deceptive or misleading in either its substance or form. The language at issue instructs the debtor to call to notify the debt collector only if the bill has already been paid and does not appear to be an alternative way to dispute the underlying debt. In addition, the validation notice appears on the same side of the correspondence and in the same typeface as the instruction to call the debt collector. Thus, there is no extra emphasis or textual prominence of the phone number or instruction to call the debt collector. Therefore, unlike the collection correspondence in *Caprio*, the December Letter cannot "be reasonably read to have two or more different meanings one of which is inaccurate." *Caprio*, 709 F.3d 152.

Furthermore, the December Letter is more closely analogous to the request for payment at issue in *Wilson*. 225 F.3d at 352. In *Wilson*, the court found that the language "[o]ur client has placed your account with us for immediate collection[,] [w]e shall afford you the opportunity to pay this bill immediately and avoid further action against you," did not overshadow the validation notice. *Id.* at 352. Like the December Letter, the payment request in the collection correspondence in *Wilson* presented the validation notice in "the same font, size and color type-face as [the remainder] of the letter . . ." and on the same page. *Id.* at 356. Thus, the court found that the

5

collection correspondence "does not emphasize one option over the other, or suggest that [plaintiff] forgo the second option in favor of [the former]." *Id.*

Here, too, the Court finds that both the form and substance of the instruction to call in the December Letter do not emphasize calling the debt collector or suggest that Plaintiff should forgo the procedure provided in the validation notice for disputing the debt. Thus, the instruction to call to notify the debt collector that the debt has been paid does not overshadow the validation notice. The validation notice is clearly expressed in the same font, size, and color as the other text in the December Letter and does not appear as an ineffective option. Accordingly, the December Letter does not leave the least sophisticated consumer uncertain as to his rights under the FDCPA and therefore does not violate § 1692g.

Finally, Plaintiff also alleges that the December Letter violates § 1692e(10). Plaintiff, however, fails to point to any basis for his claim under § 1692e(10) that is distinct from his claim under § 1692g. Because Plaintiff's claim under § 1692e is based on the same allegations as his claim under § 1692g, the analysis under § 1692g is dispositive. *See Caprio*, 709 F.3d at 155 (noting that when the allegations for a § 1692e(10) claim are the same as the allegations for a § 1692g claim, the analysis of the § 1692g claim is usually dispositive). Thus, Plaintiff has failed to state a claim for relief for a violation of § 1692e.

## IV. Conclusion

For the reasons set forth above, Moving Defendant's motion to dismiss is granted. An order consistent with this Memorandum Opinion will be entered.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: August 23rd, 2016